# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JAMES L. COLVIN | CIVIL ACTION NO. 19-923 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ROBERT TANNER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Petitioner filed a Motion for Reconsideration [Record Document 6] appealing the Magistrate Judge's denial of his motion for writ of error coram nobis [Record Document 5]. In his appeal, Petitioner argues that the Magistrate Judge failed to address two of the three points of error Petitioner raised in his motion. [Record Document 4]. While Petitioner is correct that the Magistrate Judge's memorandum order denying his motion for writ of error did not explicitly address all three errors he identified, the result does not change, and the Magistrate Judge's decision is therefore **AFFIRMED**.

Having independently reviewed the law and record in this case, the Court agrees with the Magistrate Judge's determination that a dismissal based upon the statute of limitations which does not address the merits is considered an adjudication on the merits for purposes of determining whether a subsequent petition is a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). [Record Document 5 at 1].

Petitioner also argues that his current habeas petition is not second or successive because after his first habeas petition in 2014, the Second Circuit for the Louisiana Court of Appeals "reopened" his case, and the Louisiana Supreme Court issued a final ruling dismissing Petitioner's

application for post-conviction relief on February 11, 2019. [Record Document 6 at 2]. To support his argument, Petitioner cites a United States Supreme Court decision holding that when a habeas application "challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." *Magwood v. Patterson*, 561 U.S. 320, 324 (2010). The Fifth Circuit has defined the term "new judgment" to require that a new sentence be imposed. *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015) (quoting *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012)). Under this definition, the Louisiana Supreme Court's dismissal of Petitioner's "application for post-conviction relief" is not a "new judgment," but rather a decision regarding an appeal from the original judgment. [Record Document 6-1 at 21].

Finally, Petitioner argues that his current habeas petition is timely filed because the "one-year AEDPA limitation was tolled on the date [he] filed the Initial Review Post-Conviction proceedings, on March 27, 1985" and remained so until February 11, 2019, when the Louisiana Supreme Court issued a final ruling on his application for post-conviction relief. [Record Documents 4 at 7-8 and 6 at 2-3]. This, in total, means the current habeas petition was filed within "321 days under the Prison Mailbox Rule." [Record Document 4 at 8]. Because the Court finds that the current habeas petition is a second or successive petition, the Court need not reach the issue of the timeliness of this petition unless it is authorized by the Fifth Circuit Court of Appeals.

Accordingly, the Magistrate Judge's decision is **AFFIRMED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 19th day of September, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE