UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES L. COLVIN** | **CIVIL ACTION NO. 19-923-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN ROBERT TANNER** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Pro se petitioner James L. Colvin ("Petitioner") filed the instant petition for federal habeas corpus relief on July 16, 2019. Petitioner is incarcerated at the B.B. Rayburn Correctional Center in Angie, Louisiana, where he is serving an 80-year sentence imposed by the Louisiana First Judicial District Court, Parish of Caddo, following his 1983 conviction for armed robbery.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be dismissed without prejudice for lack of jurisdiction.

LAW AND ANALYSIS

Petitioner attacks his 1983 conviction for armed robbery and the 80-year sentence imposed by the Louisiana First Judicial District Court, Parish of Caddo. This court's records demonstrate that Petitioner has filed a previous federal petition for writ of habeas corpus in which he attacked this same conviction and sentence. The previous application, No. 5:14-cv-1017, was denied on the merits on February 10, 2015.

The instant action is unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive".[1] The petition attacks the same conviction and sentence that was the subject of Petitioner's previous petition. The claims raised herein could have been raised in the previous petition. Petitioner's first petition was adjudicated on the merits and was denied and dismissed with prejudice.

As Petitioner has been instructed, before a second or successive petition may be considered by this court, he must obtain authorization to file the second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A).[2] The record does not show in this case that Petitioner has received such authorization. Until such time

---

[1] The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." In re Lampton, 667 F.3d 585, 588 (5th Cir. 2012) citing Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." Id. citing Magwood, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. Id. citing Burton v. Stewart, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. Magwood 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.'").

The Fifth Circuit has found that "an application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." Graham v. Johnson, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) citing Felker v. Turpin, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

The Fifth Circuit has also found that a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." In Re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

[2] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

as he obtains said authorization, this court is without jurisdiction to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that Petitioner has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[3]

Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by

---

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. See In Re Epps, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers, at Shreveport, Louisiana, on this the 22nd day of July, 2020.

Mark L. Hornsby
U.S. Magistrate Judge