UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JAMES L. COLVIN | CIVIL ACTION NO. 19-923-P |
| VERSUS | JUDGE FOOTE |
| WARDEN ROBERT TANNER | MAGISTRATE JUDGE HORNSBY |

J U D G M E N T

Petitioner has filed a motion to amend [Record Document 16] attempting to assert a violation of the rule enunciated in McCoy v. Louisiana, 138 S. Ct. 1500 (2018). He contends that this is permitted by 28 U.S.C. § 2244(b)(2)(A), which allows a court to hear a claim presented in a second or successive habeas petition when the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." McCoy has not been made retroactively applicable, however, and therefore § 2244(b)(2)(A) does not authorize Petitioner to bring this claim. Smith v. Stein, 982 F.3d 229, 235 (4th Cir. 2020); Christian v. Thomas, --- F.3d –, No. 19-70036, 2020 WL 7331890, at *7 (9th Cir. Dec. 14, 2020). Because Petitioner cannot add a McCoy claim to his complaint, his motion to amend is **DENIED**.

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections filed by Petitioner, and determining that the findings are correct under the applicable law, **IT IS ORDERED** that Petitioner's application for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Rule 11 of the Rules

Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court, after considering the record in this case and the standard set forth in 28 U.S.C. Section 2253, denies a certificate of appealability. Jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this court was correct in its procedural ruling. See <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 2nd day of February 2021.

_____
**ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE**