# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JAMES L. COLVIN #84581-012/102489 | CIVIL ACTION NO. 19-923 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ROBERT TANNER | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is Petitioner's motion for reconsideration of the Court's judgement adopting the Magistrate Judge's Report and Recommendation and denying Petitioner's motion to amend his complaint to add a claim pursuant to *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). Record Document 22. Petitioner argues that the Court's ruling regarding his motion to amend is clearly erroneous because it was based on the 28 U.S.C. § 2244(b)(2)(A) rule regarding second or successive habeas petitions and that rule is inapplicable to his situation. *Id.* at 1. Petitioner asserts that his petition asserting a *McCoy* claim is better classified as a claim "brought on 'Direct Review' pursuant to 28 U.S.C. [§] 2244(d)(1)(A) because McCoy [sic] was decided in May 2018" and his "state conviction was not made final until February 11, 2019." *Id.*

This argument is unpersuasive. First, this Court is not directly reviewing any of Petitioner's claims because a federal habeas petition is collateral review, not direct review. *Wall v. Kholi*, 562 U.S. 545, 552 (2011). Second, as this Court has already held, when the Louisiana Supreme Court issued a final ruling dismissing Petitioner's application for post-conviction relief in February 2019, this was not a new judgment such that Petitioner is entitled to file the instant habeas petition without meeting the second or successive

1

petition requirements of § 2244(b). Record Document 7 at 1-2. Petitioner's motion for reconsideration [Record Document 22] is therefore **DENIED**.

**THUS DONE AND SIGNED** this 19th day of April, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE